KAUFMAN FUEL COMPANY *v.* COLONIAL GARDENS CONDOMINIUM ASSOCIATION

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 121127
FAIRFIELD AT BRIDGEPORT

Memorandum filed February 15, 1980

*Martin A. Dworkin,* for the plaintiff.

*Goldman & Rosen,* for the defendant.

LANDAU, J. The plaintiff has brought this action to collect sums due it for fuel oil and oil burner service provided the defendant, a nonstock corporation. The defendant has counterclaimed that the plaintiff violated Connecticut's Truth-in-Lending Act; General Statutes c. 657; by failing to make certain disclosures. The plaintiff moves to strike this counterclaim in that it fails to state a claim upon which relief can be granted.

May the defendant nonstock corporation avail itself of the protections afforded by the Truth-in-Lending Act? No. The plaintiff's motion to strike is granted.

The defendant claims that the plaintiff failed to make disclosures required by § 36-404 of the General Statutes, an act concerning open end consumer credit plans. The word "consumer" in the term "consumer credit plan" refers to a transaction "in which the party to whom credit is offered or extended is a natural person, and . . . the . . . property or services which are the subject of the transaction are primarily for personal, family, [or] household . . . purposes. . . ." General Statutes § 36-393 (g). In the case at hand, the party to whom credit was offered, the defendant, is not a natural person. See *Vines* v. *Hodges,* 422 F. Sup. 1292, 1297 (D. D.C.); *Sambolin* v. *Klein Sales Co.,* 422

F. Sup. 625, 627 (S.D. N.Y.), discussing the federal Truth-in-Lending Act, 15 U.S.C. §§ 1601 et seq., to which the Connecticut act conforms. The disclosure provisions of § 36-404 therefore do not apply to the transaction between the parties at issue in this litigation.

In addition, the present action falls within the exception to the act which exempts extensions of credits to organizations. General Statutes § 36-394 (a). As a nonstock corporation, the defendant is an organization. General Statutes § 36-393 (b).

The court notes that there may be confusion as to the scope of this act in view of the requirement that disclosures in open end consumer credit plans must be made to "the person" to whom credit is extended; § 36-404 (a); and "person" is defined as "a natural person or an organization." General Statutes § 36-393 (c). Although the defendant is an organization within the terms of the act; § 36-393 (b); the transaction involved is not a consumer credit plan, thus leaving it outside the ambit of the act.

Accordingly, the plaintiff's motion to strike is granted.